In re John Q. ALQUIST and Jacinthe M. Alquist, Debtors.

John Q. ALQUIST and Jacinthe Alquist, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, Defendant.

No. 3:93 CV 178–P.
Bankruptcy No. 89–30697.
Adv. No. 93–3535.

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 5, 1994.

John Alquist, pro se.

Jacinthe M. Alquist, pro se.

James M. Sullivan, Asst. U.S. Atty., Charlotte, NC, for IRS.

ROBERT D. POTTER, District Judge.

**THIS MATTER** is before the Court on appeal from the Bankruptcy Court's order,

filed May 11, 1993 granting Appellee's motion summary judgment against Appellants. Appellants' brief was filed April 19, 1994. Appellee responded in a brief filed June 21, 1994.

The Court has conducted a careful and thorough *de novo* review of the legal conclusions rendered by the Bankruptcy Court and has conducted a similar review of that Court's factual findings. Having reviewed this appeal, the Court concludes no reversible error is presented. *In re Barefoot,* 952 F.2d 795, 800–01 (4th Cir.1991); *In re Knightsbridge Development Co.,* 884. F.2d 145, 147 n. 3 (4th Cir.1989) (*de novo* standard applies to legal conclusions).

Appellants, who are appearing *pro se,* are challenging the Bankruptcy Court's conclusion that their income tax liability, arising from a lump sum distribution of funds in a 401–K plan, was not dischargeable in their Chapter 7 bankruptcy. Essentially, they are arguing this tax liability was not entitled to the priority status conferred upon "a tax on or measured by income or gross receipts for a taxable year ending ... before the date of the filing of the petition for which a return ... is last due, ... after three years before the date of the filing of the petition" because 401–K lump sum distributions are not income within the meaning of that provision, and the due date of this tax was more than three years from the filing of their petition. 11 U.S.C. § 507(a)(7)(A)(i).

■ First, Appellants seem to argue the tax at issue in their petition was not income within the meaning of § 507. The Court disagrees. Such distributions are clearly income within the meaning of that statute.

■ Furthermore, Appellants claim the tax liability was last due more than three years prior to the filing of the petition. The Court disagrees and finds the tax liability on this income was last due, considering extensions, on October 15, 1988. Even if the Court were to concede that the relevant petition filing date was the date Appellants' Chapter 13 petition was converted into a Chapter 7 petition, the petition filing date would be August 6, 1990. That is well within the three year period provide for in § 507(a)(7)(A)(i). Therefore, the Court concludes Appellants' tax liability was not dischargeable.

In sum, the Court affirms the Bankruptcy Court's May 11, 1993 order in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that the Bankruptcy Court's May 11, 1993 order granting Appellee's summary judgment motion be, and hereby is, **AFFIRMED in its entirety.** This appeal is hereby **DISMISSED.**